**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vonda Nadler, | No. CV-20-00085-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendant. | |

Pending before the Court is Defendant City of Tucson's Motion to Compel Production of Documents Responsive to the City's Third Request for Production. (Doc. 38.) Plaintiff has not filed a Response and the time for doing so has expired. LRCiv 7.2(c).

Defendant City of Tucson (the "City") moves to compel production of all documents responsive to the City's Third Request for Production propounded on May 17, 2021. (Doc. 38; *see also* Doc. 38-2.) Defendant avers that it attempted to consult with Plaintiff to resolve this matter prior to filing the instant Motion and was unable to do so. *See* LRCiv 7.2(j); *see also* Fed. R. Civ. P. 37(a)(1).

Defendant states that during its deposition of Plaintiff Vonda Nadler on April 27, 2021, Ms. Nadler testified that she possessed emails and notes relevant to her claims. (Doc. 38.) Defendant issued a Rule 34 Request for Production ("RFP") for these items on

May 17, 2021 (see Doc. 38-1), to which Plaintiff did not respond. (*Id.*) At a conference on July 12, 2021, Plaintiff's counsel agreed to produce these items but did not thereafter produce them. (*Id.*) Defendant subsequently followed up with Plaintiff's counsel on July 14 and 15 and August 31, 2021; on September 3, 2021, Plaintiff promised to produce the items but did not thereafter do so. (*Id.*) Defendant subsequently filed the instant Motion to Compel.

Fed. R. Civ. P. 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

> LRCiv 37.1 provides that:
> (a) When a motion for an order compelling discovery is brought pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, the moving party shall set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs:
>> (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;
>> (2) the answer, designation or response received; and
>> (3) the reason(s) why said answer, designation or response is deficient.
>
> (b) The foregoing requirement shall not apply where there has been a complete and total failure to respond to a discovery request or set of discovery requests.

Defendant's Motion to Compel complies with the requirements of LRCiv 37.1 even though there has apparently been a "complete and total failure" on the part of Plaintiff to respond to the request for her emails and notes requested in Plaintiff's RFP. Given the facts of this matter as set forth above and Plaintiff's failure to respond to Defendant's Motion, the Court finds good cause to grant the Motion to Compel.

. . . .

. . . .

. . . .

. . . .

Accordingly,

**IT IS ORDERED** that the Motion to Compel Production of Documents Responsive to the City's Third Request for Production (Doc. 38) is **granted**. Plaintiff shall produce all documents responsive to the City's Third Request for Production, without objection or limitation, within **seven (7) days** of the date this Order is filed.

Dated this 20th day of October, 2021.

_____
Honorable Rosemary Márquez
United States District Judge