**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vonda Nadler, | No. CV-20-00085-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendant. | |

      Pending before the Court is Plaintiff's Motion for Extension of Time and Modification of Scheduling Order. (Doc. 39.) In support of her Motion, Plaintiff states that her counsel needs to reschedule depositions that had previously been scheduled for October 5 to 8, 2021 due to a family-related COVID-19 situation. (*Id*.) Plaintiff requests that the discovery deadline be extended to December 3, 2021 and that other pending deadlines be correspondingly extended. (*Id*.)

      The depositions were cancelled because Plaintiff's counsel traveled out-of-state to handle a COVID-19-related family situation in which his school-age son was exposed to, but did not contract, COVID-19. (*Id*.) Plaintiff's counsel avers that he was forced to travel to Michigan, where his family lives, to care for his son during his son's post-exposure quarantine because counsel's spouse, who lives and works in Michigan, was unable to take time off work to do so. (*Id*.) Thus, Plaintiff requests an extension of time in which to complete depositions and the remainder of discovery in this matter. (*Id*.)

Defendants oppose the requested extension of time. (Doc. 41.) Defendants argue that Plaintiff and her counsel have not fulfilled their responsibilities with respect to completing discovery in this case and that no further extensions of time are warranted. (*Id.*) Specifically, Defendants state that (1) this is Plaintiff's fourth request for an extension of time; (2) after receiving a previous extension, Plaintiff did nothing to move discovery forward for sixty days; (3) Plaintiff and her counsel likely never intended to complete the depositions scheduled for October 5 through 8 because Plaintiff was on vacation at that time; and (4) Plaintiff is using this lawsuit and the delays in discovery to harass her current and former colleagues at the City of Tucson with the threat of depositions. (*Id.*)

In reply, Plaintiff contends that Defendants' argument that she never intended to follow through with the scheduled depositions is meritless, and Plaintiff maintains that her attorney's decision to return to Michigan to deal with his son's COVID-19 exposure was not made lightly. (Doc. 43.) Plaintiff avers that her attorney has taken many precautions during the COVID-19 pandemic to keep himself and his family members safe and has thus far managed to avoid infection. (*Id.*) Plaintiff thus contends that good cause exists for the requested extension. (*Id.*)

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard requires a showing that scheduling deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recs. Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* In determining whether to amend a scheduling order to reopen discovery, courts consider:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds by* 520 U.S. 939 (1997)).

The Court finds good cause to partially grant Plaintiff's request to amend the Scheduling Order. It appears that Plaintiff's counsel's COVID-19 family situation was unavoidable and unforeseeable, and that Plaintiff's counsel did his best to handle it as expeditiously and responsibly as possible. The Court finds no basis to credit Defendant's arguments that Plaintiff is intentionally delaying discovery or using discovery for purposes of harassment. The Court is concerned that Plaintiff did not move forward with discovery for the first sixty days after the most recent extension of time was granted. However, it now appears that Plaintiff cannot reasonably meet the existing deadlines despite her diligence. Furthermore, no trial has been set in this matter and Defendant has not alleged any prejudice from the requested extension apart from an overall delay in the case. Accordingly, the Court will grant an extension of the pending discovery deadlines but warns the parties that **no further extensions of time to complete discovery will be granted**. Furthermore, the Court will only partially grant Plaintiff's requested extension of expert discovery deadlines and will not extend the existing dispositive motion deadline. (*See* Doc. 37.)

Good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time and Modification of Scheduling Order (Doc. 39) is **granted**. The deadlines set forth in the July 7, 2021 Scheduling Order are **extended** as follows:

(1) Fact discovery shall be completed on or before **December 3, 2021**.

(2) Plaintiff's initial expert disclosure shall be completed on or before **December 3, 2021**.

(3) Defendant's initial expert disclosure shall be completed on or before **January 21, 2022**.

(4) Rebuttal expert disclosure shall be completed on or before **February 14, 2022**.

(5) All expert discovery shall be completed on or before **March 1, 2022**.

(6) Dispositive motions shall be filed on or before **April 1, 2022**.

(7) A Joint Proposed Pretrial Order shall be filed **thirty (30) days** after resolution of any dispositive motions filed after the close of discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **May 2, 2022**.

Dated this 27th day of October, 2021.

_____
Honorable Rosemary Márquez
United States District Judge